[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner by counsel, has filed an amended petition for a writ of habeas corpus, alleging that he was denied effective assistance of counsel in that his counsel coerced him into pleading guilty.
The Petitioner was the defendant in cases entitled State of Connecticutv. Michael Duffy, docket numbers CR98-0064865-T and CR98-64864 in the Superior Court for the Judicial District of Tolland at Rockville. On October 29, 1998 the Petitioner entered guilty pleas under the Alford Doctrine to arson in the first degree in violation of Conn. Gen. Stat. § 53a-111, assault in the second degree in violation of Conn. Gen. Stat. § 53a-60, and violation of a protective order in violation of Conn. Gen. Stat. § 53a-110b (a). Pursuant to said pleas and resultant convictions, on December 10, 1998, the Court (Sullivan, J.) sentenced Petitioner to 25 years, execution suspended after 15 years with 5 years probation and special conditions on the arson conviction; 5 years incarceration on the assault conviction and 1 year incarceration on the protective order violation. All sentences are to run concurrently for a total effective sentence of 25 years, execution suspended after 15 years, and 5 years probation with special conditions. Petitioner is currently in the custody of the Commissioner of Corrections pursuant to said convictions. The petitioner was represented at trial by William Paetzold, Esq.
The petitioner claims that Attorney Paetzold coerced him into pleading guilty by telling petitioner that his exposure was 65 years incarceration one time and 165 years another time, that the right to argue for less would result in a sentence of 8 years suspended after 4 years, and, that the petitioner should just answer "yes" to all of the judge's questions.
 In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a CT Page 11591 conviction due to ineffective assistance of counsel. "First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted). Guadalupe v. Commissioner of Correction, 68 Conn. 913, 796 A.2d 557 (2002).
 "The first component, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard or reasonableness. . . . In Strickland, the United States Supreme court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citation omitted; internal quotation marks omitted.) Henry v. Commissioner of Correction, 60 Conn. App. 313, 317-18, 759 A.2d 118 (2000).
 When the ineffective assistance of counsel claim arises from the plea negotiation process, the CT Page 11592 prejudice requirement is satisfied if the petitioner proves that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) Daniel v. Commissioner of Correction, 57 Conn. App. 651, 665, 751 A.2d 398, cert. denied, 254 Conn. 918, 759 A.2d 1024
(2000).
Michael Braham v. Commissioner of Correction, 72 Conn. App. 1, 5-7
(App. Ct. 2002).
This court heard this matter on June 28, 2002. The petitioner and Attorney Paetzold were the only witnesses. Also placed in evidence was the information in connection with the two dockets in which the petitioner pleaded, and transcripts of the proceedings before Judge Terrence Sullivan July 23, 1998, October 29, 1998 and December 10, 1998.
The testimony concerning the specific ways in which the petitioner was allegedly coerced into pleading guilty was in conflict. The petitioner testified in accordance with his specific allegations although he testified that Mr. Paetzold told him he would argue for a sentence of eight years, suspended after four years, but he did not tell him that the right to argue would result in that sentence. Mr. Paetzold did not recall specifically what he told the petitioner with respect to his exposure, but that he would have explained what the maximums were under the various statutes. He testified that he never told the petitioner that he would argue for a sentence of eight years, suspended after four years, and, in view of the seriousness of the charges, it would be an insult to the court to make that argument. He also testified the he never told the petitioner to answer "yes" to all of the court's questions.
Mr. Paetzold is an experienced criminal defense attorney and the court finds his testimony to be credible. The court does not accept the petitioner's testimony with respect to the facts concerning the alleged coercion. Upon a review of all the evidence, the court finds that the petitioner has failed to prove that Mr. Paetzold did or said anything which was coercive and which caused the petitioner to plead guilty. The petitioner has failed to prove that his counsel's representation was deficient in any way or that he suffered any actual prejudice as a result of that representation. Accordingly, the court finds that the petitioner has failed to prove ineffective assistance of counsel.
The petition is dismissed. CT Page 11593
 William L. Hadden, Jr. Judge Trial Referee
CT Page 11594